VAN NORTWICK, J.
D.K.D., a juvenile, appeals his adjudication of delinquency for giving a false name or identification to a law enforcement officer in violation of section 901.36(1), Florida Statutes (2011). Appellant argues that the trial court erroneously denied his motion to dismiss because section 901.36(1) requires arrest or lawful detention as a condition precedent to a violation of the statute and he was not arrested or lawfully detained at the time he gave a false name to law enforcement. We agree and reverse.
Deputy Davis Goodwin testified that, while on duty one night, he saw appellant dash across a parking lot as though someone were chasing him. Appellant ran to a trailer used for storage of fireworks and peeked around the corner. Officer Goodwin and another officer (Corporal Ravey) approached, and appellant moved towards them. Appellant was asked what he was doing by the trailer at 2:30 a.m., and he offered that he was returning home from a *898 friend’s house. Ascertaining that appellant was a juvenile, the officers asked his name explaining they wanted to contact a parent to be sure he was not a runaway. Appellant advised that his mother was out of town and there was no way to contact her but that he could show police his residence which was nearby. Appellant said his name was “Drey Slack.” He then gave his mother’s name, and when police looked up an address for the mother’s name, he advised they had since moved. The officers put appellant in a patrol car and drove in the direction of the address he gave as a current one. Before arriving, however, appellant admitted that he gave an incorrect address. Further, he later admitted that his name was not “Drey Slack,” and he gave his correct name. He was then arrested.
Appellant was charged with giving a false name or identification to a law enforcement officer in violation of section 901.36(1). At the hearing, at the close of the State’s case appellant moved for a judgment of dismissal on the ground that the statute required the State to prove that appellant had been lawfully arrested or detained by a law enforcement officer when he gave a false name or otherwise falsely identified himself to a law enforcement officer. The trial court found that appellant may have provided a false name to the officer during a consensual encounter, but the encounter was elevated to a lawful detention at some point. The trial court therefore denied dismissal of the charge, noting section 901.36(1) is a broad statute; found appellant guilty; and adjudicated him delinquent.
Section 901.36(1) provides, in pertinent part:
It is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer....
By the specific terms of the statute the giving of false identification must occur after an arrest or lawful detention has commenced in order to constitute a violation of law. A criminal statute must be strictly construed and, where words are susceptible of more than one meaning, the statute must be construed most favorably to the accused. See Perkins v. State, 576 So.2d 1310 (Fla.1991). Accordingly, the trial court erred in broadly construing the statute to encompass appellant’s conduct during a consensual encounter.
In Jackson v. State, 1 So.3d 273 (Fla. 1st DCA 2009), we held that giving a false name to a law enforcement officer is not a crime under section 901.36(1) unless it occurs during a lawful detention or following arrest. The record before us does not refute appellant’s claim that he gave the false name during a consensual encounter. Corporal Ravey testified that they approached appellant merely to ask him some questions. The record is undisputed that the officers determined it was not appropriate to arrest appellant and decided to take him home for his own health and safety.
We reject the State’s argument that Jackson is distinguishable on the ground that the encounter between appellant and law enforcement was not consensual where the officer stopped appellant based on a well-founded suspicion of criminal activity. There is no basis in the record before us for finding that the officers had a well-founded suspicion that specific criminal activity was occurring. According to the officers’ testimony, there was a possibility that appellant was going to try to break in the trailer, and they had problems with graffiti on the backside of that building for months. The officer also testified, however, that he was not sure whether appellant *899 intended to commit a burglary or was merely looking for someone. The officers conceded that there were no 911 calls regarding the vicinity and no BOLO matching appellant’s description. From the record, we know only that the officer had a mere suspicion of something, and they had only vague concern of criminal activity because of the juvenile’s presence at 2:30 a.m. Their primary suspicion was that appellant may be a runaway. Even assuming that the consensual encounter became a detention, it cannot be construed as a lawful one because there was no well-founded suspicion of any criminal activity.
Accordingly, we reverse appellant’s adjudication of delinquency and vacate the corresponding disposition. The other issues on appeal are rendered moot by this disposition.
ROBERTS and MARSTILLER, JJ., concur.